IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
May 18, 2004 Session

## STATE OF TENNESSEE v. AMANDA JO GOODE

**Appeal from the Criminal Court for Knox County**
**No. 61246     Ray L. Jenkins, Judge**

_____

**No. E2003-02139-CCA-R3-CD - Filed July 12, 2004**

_____

The defendant, Amanda Jo Goode, appeals from the Knox County Criminal Court's revoking her probation that was ordered for her sentences for solicitation to commit felony murder; two counts of facilitation of especially aggravated kidnapping; and two counts of facilitation of aggravated robbery. The defendant contends that although the trial court was justified in determining that she violated the terms of her probation, it erred by ordering her to serve her sentences in confinement and consecutively to a federal sentence. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which JOE G. RILEY and ALAN E. GLENN, JJ., joined.

Mark E. Stephens, District Public Defender, and Robert C. Edwards, Assistant Public Defender, for the appellant, Amanda Jo Goode.

Paul G. Summers, Attorney General and Reporter; Kathy D. Aslinger, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Zane M. Scarlett, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

This case relates to crimes the defendant and two codefendants committed in January 1996. On October 5, 2001, the defendant pled guilty to solicitation to commit felony murder, a Class B felony; two counts of facilitation of especially aggravated kidnapping, a Class B felony; and two counts of facilitation of aggravated robbery, a Class C felony. The trial court sentenced her as a Range I, standard offender to an effective twenty-two-year sentence to be served as one year in confinement and the remainder on supervised probation. The defendant began serving probation on May 11, 2002, but on January 22, 2003, the defendant's probation officer filed a probation violation warrant alleging that the defendant had been arrested for selling crack cocaine and had possessed illegal drugs. In July 2003, the defendant pled guilty in federal court to conspiracy to possess fifty

grams or more of cocaine base with intent to distribute and was sentenced to nine years in confinement.

At the probation revocation hearing, Carmen Price, the Mental Health Coordinator for the Community Alternatives to Prison Program (CAPP), testified that she leads counseling groups. The defendant's probation officer referred the defendant to Ms. Prices's Responsible Thinking class, and the defendant began attending the class on October 21, 2002. The class met once per week, and the defendant was supposed to attend the class for eight weeks. However, the defendant missed three classes, was penalized, and had to attend the class for eleven weeks. Ms. Price said that the defendant usually would sit quietly in the class and listen to other participants but that the defendant would participate if she asked the defendant direct questions. She said that the defendant did not believe her sentence was fair based on the changes the defendant had made to her life since committing the crimes in this case and that the defendant's attitude about having to attend the class was that "it was something that she had to do." She said that she would have liked to have seen the defendant make more progress in the class and that the defendant never completed the class because she was arrested for federal drug charges.

On cross-examination, Ms. Price testified that she talked with the defendant's probation officer about the defendant's attendance and being arrested in the federal case. The defendant's probation officer never recommended that the defendant attend any of Ms. Price's other counseling groups. She said she did not know if the defendant had missed the three classes because the defendant was in the hospital and acknowledged that the defendant could have worked out missing the classes with the defendant's probation officer. She said that the defendant attended the extra counseling classes and that the defendant was employed while participating in CAPP. She acknowledged that the defendant experienced family stresses while growing up.

Cynthia Gibson, the defendant's sister, testified that after the defendant was arrested for the charges in this case, the defendant spent time in jail. When the defendant was released from jail, the defendant got a job and tried to get a house and a car. The defendant kept losing jobs because employers would fire her when they saw her picture on television, but the defendant would get new employment and worked steadily. The defendant did well for five years but had to spend more time in jail when she pled guilty. After the defendant finished serving her one-year jail sentence, she had to start over because she had lost her house, car, and belongings. The defendant got a job, lived with different people, and began saving money. The defendant's parents could not afford to help her, and the defendant was financially independent from them. The defendant had a young son, who did not live with her, and the defendant visited him at least once per week. Ms. Gibson said that the defendant gave money to their sixteen-year-old brother and acknowledged that the defendant was under a lot of pressure to save money. On cross-examination, Ms. Gibson acknowledged that the defendant was convicted of the federal drug charge after serving only eight months of probation in this case.

Kimberly Cunningham, the defendant's cousin, testified that after the defendant served one-year in confinement, the defendant got out of jail and had nothing. The defendant wanted to help

the defendant's brother and sister and lived with Ms. Cunningham for a while. While the defendant was living with Ms. Cunningham, the defendant did not have any friends. The defendant's son, Darius, played with Ms. Cunningham's son, and Ms. Cunningham never saw the defendant spank or yell at Darius. On cross-examination, Ms. Cunningham testified that she had not known that while the defendant was on probation, the defendant lived with a man who also was on probation. She said the defendant never told her that the defendant had been sentenced too harshly. She said that although the defendant was having a difficult time financially, the defendant never asked her for help.

The state introduced the presentence report from the defendant's federal case into evidence. According to the report, the defendant arranged drug deals between Nathaniel Taylor and a confidential informant. On January 17 and January 21, 2003, Mr. Taylor sold the informant crack cocaine. In return for arranging the drug deals, the defendant received one hundred fifty dollars from the proceeds of each sale. In the report, the defendant admitted participating in the crimes.

In revoking the defendant's probation, the trial court noted that the defendant's participation in the drug sales took planning and was not "just an inadvertent violation or a negligent violation." It stated that the defendant had been given an opportunity to serve only a small amount of her twenty-two-year sentence in confinement and that she had thrown the opportunity "in the face of this Court by violating another law." The trial court stated that the defendant "appears to this Court not to be governed by law but by her whim," revoked probation, and ordered that her sentences be served consecutively to the federal sentence.

## I. SENTENCES IN CONFINEMENT

The defendant claims that the trial court erred by ordering her to serve her sentences in confinement. Although she acknowledges that she violated her probation, she contends that the trial court should not have ordered her to serve her sentences in confinement because she is a suitable candidate for rehabilitation. In support of her claim, she notes that after committing the crimes in this case, she became a contributing member to society. She contends that she failed to receive adequate counseling while on probation and that instead of ordering her to serve her sentences in confinement, the trial court should have placed her "on a newer or more stringent form of probation that would have increased her prospects for rehabilitation." The state claims that the trial court properly ordered the defendant to serve her sentences in confinement. We agree with the state.

A trial court may revoke probation upon finding by a preponderance of the evidence that the defendant has violated a condition of probation. T.C.A. §§ 40-35-310, -311(e). If the trial court revokes probation, it can "(1) order incarceration; (2) cause execution of the judgment as it was originally entered; or (3) extend the remaining probationary period for a period not to exceed two years." State v. Hunter, 1 S.W.3d 643, 648 (Tenn. 1999). The decision to revoke probation is within the sound discretion of the trial court, and its judgment will be reversed only upon a showing of an abuse of discretion, reflected in the record by an absence of substantial evidence to support the trial court's findings. State v. Gregory, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997) (citation omitted).

The defendant pled guilty to conspiracy to possess cocaine with the intent to distribute in federal court, and the defendant has not demonstrated that the trial court abused its discretion by ordering her to serve her sentences in incarceration. Although the defendant contends that she is a good candidate for rehabilitation, the defendant was on probation for only eight months when she was arrested for the federal offense. Also, although she claims that she should receive more counseling rather than spend time in confinement, Carmen Price testified that the defendant missed some of the CAPP counseling classes, appeared to attend the classes only because she had to, would participate in the class if Ms. Price asked her direct questions, and did not make as much progress as Ms. Price would have liked. We conclude that the trial court did not abuse its discretion by ordering the defendant to serve her sentences in confinement.

## II. CONSECUTIVE SENTENCING

The defendant claims that the trial court erred by ordering her to serve her effective twenty-two-year sentence consecutively to her nine-year federal sentence. She contends that pursuant to cases such as State v. Wilkerson, 905 S.W.2d 933, 938 (Tenn. 1995), and State v. Moore, 942 S.W.2d 570 (Tenn. Crim. App. 1996), the trial court could not impose consecutive sentencing in a "draconian fashion" and was required to analyze whether consecutive sentencing is appropriate under the circumstances in this case. She argues that if the trial court had conducted such an analysis, it would have concluded that consecutive sentencing is not appropriate because the defendant grew up without role models, committed the crimes when she was only fifteen years old, was able to rebuild her life and maintain steady employment after she was released from jail, and acted as an intermediary in the federal drug case in order to "further a fragile and precarious legitimate lifestyle." The state claims that the trial court properly ordered consecutive sentencing. We agree with the state.

This court has previously recognized that there "are three separate statutory provisions or rules which are relevant to . . . consecutive sentences." Moore, 942 S.W.2d at 571. Those three are T.C.A. § 40-35-115; T.C.A. § 40-35-310; and Rule 32, Tenn. R. Crim. P. Tennessee Code Annotated § 40-35-115 permits a trial court to order consecutive sentencing when the trial court finds that the defendant meets certain criteria, such as the defendant is a "dangerous offender" or is sentenced for an offense that the defendant committed while on probation. See T.C.A. § 40-35-115(b)(4), (6). Rule 32, Tenn. R. Crim. P., addresses consecutive sentencing when the defendant has prior unserved sentences and describes when consecutive sentencing is mandatory. Most relevant to this case, however, is T.C.A. § 40-35-310, which provides that

> in any case of revocation of suspension [of probation] on account of conduct by the defendant which has resulted in a judgment of conviction against him during his period of probation, the trial judge may order that the term of imprisonment imposed by the original judgment be served consecutively to any sentence which was imposed upon such conviction.

-4-

"The mere fact that the defendant may escape consecutive sentencing under one rule or statute does not bar consecutive sentencing based on another statute." Moore, 942 S.W.2d at 571.

Initially, we note that the defendant claims that our standard of review for this issue is governed by T.C.A. § 40-35-401, which controls appeals for sentencing determinations by a trial court. Tennessee Code Annotated § 40-35-401(d) provides that

> [w]hen reviewing sentencing issues . . . including the granting or denial of probation and the length of the sentence, the appellate court shall conduct a de novo review on the record of such issues. Such review shall be conducted with a presumption that the determinations made by the court for which the appeal is taken are correct.

In addition to claiming that this court should review the issue de novo, the defendant also contends that the trial court is not entitled to a presumption of correctness in this case because it failed to state why consecutive sentencing was proper pursuant to T.C.A. § 40-35-115.

Concurrent or consecutive sentencing is left to the sound discretion of the trial court. State v. Hastings, 25 S.W.3d 178, 181 (Tenn. Crim. App. 1999). Moreover, the Sentencing Commission Comments to T.C.A. § 40-35-115 note that once the trial court determines that any of the criteria listed in subsection (b) apply to a defendant's sentences, then it is within a trial court's discretion to order consecutive sentencing. Our court has used the abuse of discretion standard to review whether a trial court properly ordered consecutive sentencing after revoking a defendant's probation pursuant to T.C.A. § 40-35-310. See State v. Kevin Wayne Brim, No. M1999-01925-CCA-R3-CD, Williamson County, slip op. at 1 (Tenn. Crim. App. Feb. 9, 2001) (stating that a "trial court has discretion to order consecutive sentences when the defendant is convicted of a crime while on probation"), app. denied (Tenn. June 4, 2001); State v. George Cantrell, III, No. M1998-00104-CCA-R3-CD, Williamson County, slip op. at 4 (Tenn. Crim. App. Dec. 16, 1999) (stating that T.C.A. § 40-35-310 gave trial court discretion to order concurrent or consecutive sentencing). Thus, the proper standard of review for determining whether a trial court could revoke probation and order that the original sentence be served consecutively to a new sentence is an abuse of discretion.

The trial court's statements reflect that it ordered consecutive sentencing because the defendant had committed another crime while on probation. Pursuant to T.C.A. § 40-35-310, the trial court could order consecutive sentencing on that basis. The defendant argues that under Wilkerson and Moore, the trial court was required to make specific findings such as that consecutive sentencing is "reasonably related to the severity of the offenses committed" and "necessary to protect the public." However, the defendant's reliance on Wilkerson and Moore is misplaced. The specific findings described in those cases are required only when ordering consecutive sentencing for "dangerous offenders" pursuant to T.C.A. § 40-35-115(b)(4). State v. Lane, 3 S.W.3d 456, 461 (Tenn. 1999). Given that the defendant committed three serious felonies in this case, was ordered to serve only one year of her effective twenty-two-year sentence in confinement, and committed another serious crime after serving only eight months of probation, we cannot conclude that the trial

court abused its discretion by ordering her to serve her original sentences consecutively to her federal sentence.

Based upon the foregoing and the record as a whole, we affirm the judgment of the trial court.


                                                      _____

                                                      JOSEPH M. TIPTON, JUDGE