IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

Assigned on Briefs March 25, 2015

**STATE OF TENNESSEE v. DEREK GENE CLARK**

**Direct Appeal from the Circuit Court for Sevier County**
**No. 18986-II     Richard R. Vance, Judge**

———————————

**No. E2014-01142-CCA-R3-CD – Filed June 9, 2015**

———————————

The appellant, Derek Gene Clark, pled guilty in the Sevier County Circuit Court to aggravated domestic assault, a Class C felony; theft of property valued more than $1,000, a Class D felony; coercion of a witness, a Class D felony; and retaliation for past action, a Class E felony.  Pursuant to the plea agreement, the trial court was to determine the length and manner of service of the sentences except that the appellant was to serve the sentences for the aggravated domestic assault and theft convictions concurrently.  After a sentencing hearing, the trial court imposed an effective ten-year sentence in confinement.  On appeal, the appellant contends that concurrent sentencing for his aggravated domestic assault and theft convictions is illegal because he was on bail for the theft when he committed the aggravated domestic assault, that the lengths and manner of service of his sentences are excessive, and that the trial court erred by ordering that he serve the sentences for coercion of a witness and retaliation for past action consecutively to the other two sentences.  Based upon the record and the parties' briefs, we affirm the appellant's convictions and sentences but remand the case to the trial court for entry of corrected judgments.

**Tenn. R. App. 3 Appeal as of Right; Judgments of the the Circuit Court are Affirmed, and the Case is Remanded.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT L. HOLLOWAY, JR., JJ., joined.

Bryce W. McKenzie (on appeal) and Micaela Burnham (at trial), Sevierville, Tennessee, for the Appellant, Derek Gene Clark.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Senior Counsel; James B. Dunn, District Attorney General; and Ronald C. Newcomb, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

## I.  Factual Background

In November 2013, the Sevier County Grand Jury indicted the appellant for two counts of aggravated domestic assault based upon alternative theories, one count of theft of property valued more than $1,000, one count of coercion of a witness, one count of evading arrest, two counts of retaliation for past action, and one count of violating a restraining order.  On March 10, 2014, the appellant pled guilty to one count of aggravated domestic assault, one count of theft of property valued more than $1,000, one count of coercion of a witness, and one count of retaliation for past action, and the State dismissed the remaining charges.  At the guilty plea hearing, the State announced that the appellant was entering an "open" plea but that the sentence for the theft conviction "will run concurrent with whatever sentence this Court sentences on the remaining counts. This is all reflected in the plea agreement."  Defense counsel clarified, "I think I put it as it would be concurrent to the aggravated [domestic] assault. . . . [I]n fact, running this one count concurrent is what made this open plea a lot more attractive to us, Your Honor."

The State then gave the following factual account of the crimes:

> Your Honor, with regard to Count 1, the State's proof would be that Mr. Clark obtained control over property on or about February 22nd, [2013,] which would include a Thompson Renegade Center Fire fifty caliber rifle and a Hawken fifty caliber rifle belonging to Mr. [Donnie][1] Clark valued in excess of one thousand dollars without his effective consent. [With regard to Count 2, the] State's proof would be that on or about March 31st, 2013, Mr. Clark did cause bodily injury to Ruth Clark who is a domestic assault victim as defined by § 39-13-111 by use or display of a deadly weapon, that is a walking stick.  That happened here in Sevier County.  Count 3 is dismissed as it is an alternate count.  Count 4 is dismissed.  Count 5 is dismissed.  Count 6 is on or about October 8th, 2013, Mr. Clark did attempt to coerce or influence [Donnie] Clark at an official proceeding in an

---

[1] In the transcripts, the victim's first name is spelled "Donny."  However, we have chosen to spell it as it appears in the indictment.

attempt to influence his participation in that official proceeding. Count 7 is dismissed. And Count 8 is that on or about October 8th, 2013, Mr. Clark did threaten to harm Ms. Jean Cutshaw at an official proceeding. All those events happened here in Sevier County.

At the appellant's sentencing hearing, the State did not call any witnesses but introduced the appellant's presentence report into evidence. According to the report, the then thirty-two-year-old appellant was married and did not have any children. In the report, the appellant stated that he dropped out of high school after the eleventh grade because he had to go to work and that he did not obtain his GED. He described his mental health as fair and said that he did not take any medications for his mental health but that he felt claustrophobic in jail, was angry in jail because "people are always stealing our stuff," and planned to seek counseling at Helen Ross McNabb Center for "family problems" upon his release. He described his physical health as good but said that he began using prescribed Oxycodone when he was 18, which lead to an abuse of the drug until early 2013, and that he began consuming alcohol when he was twelve. He also stated in the report that his father was disabled and an abusive alcoholic, that he took care of his father, and that he had a good relationship with his mother. The report shows that the appellant worked as a truck driver for Whaley and Sons Construction from January 2001 to January 2008 and then for friends and associates doing roofing and carpentry. According to the report, the appellant had three prior convictions of misdemeanor domestic assault and prior misdemeanor convictions of cocaine possession, theft, and traffic offenses.

The State also introduced into evidence the April 2013 medical records of Ruth Clark, the appellant's grandmother and the victim of the aggravated domestic assault, and advised the court that the victim had stated in the records that the appellant hit her with a walking cane because she refused to give him her social security money. The State noted that Donnie Clark and Jean Cutshaw, the named victims of the offenses in counts 6 and 8, also were members of the appellant's family.

Janice Clark, the appellant's mother, testified for him that she divorced the appellant's father because he was an aloholic and that Ruth Clark was the appellant's paternal grandmother. She acknowledged that the appellant had a history of mental problems and substance abuse and said that the appellant had to "deal with" his father's alcoholism and "some other family members that he's had to deal with alcohol too." She said that the appellant helped his father and his grandmother and that he would never intentionally hurt his grandmother. Ms. Clark stated that the appellant had never received mental health treatment and that he "just can't handle so much on him." She stated that if the trial court granted the appellant probation, he could live with her. She said she would

drive him where he needed to go, including appointments for alcohol and drug treatment and work if he obtained employment.

On cross-examination, Ms. Clark testified that the appellant was her only child, that he obtained a commercial driver's license after he dropped out of high school, and that he used to drive dump trucks. The appellant also shooed horses and "[cut] wood, building, you know, just whatever he could do." Ms. Clark acknowledged that the appellant's grandmother was frail but said that "[s]he's good for her age" and that "[h]er mind comes and goes." She acknowledged that the appellant had served probation previously but said that "he's never been in major trouble." Regarding the appellant's prior convictions of domestic assault, she explained as follows:

> His wife done a lot of false reports because she left him six times. He took her back and he lost her. He went trying to deal with that. And he lost his papaw, which was like a dad to him. He lost him. And then he's dealing with two family members that's alcoholics and it's a constant fight. Ruth's sisters, Ruth's son, [Donnie] Clark, none of them. She don't want to talk to any of them. And Derek has tried to be the mediator.

Ms. Clark said that the appellant's father gave the appellant beer when he was just twelve years old, that she wanted to get help for the appellant, and that she "would call probation and let them be aware" if he caused trouble when he got out of jail.

On redirect examination, defense counsel asked if the appellant had ever been violent towards her. She said no but that one time "he got right up in my face and had a hoe in his hand." She said that she called the police and that the appellant spent some time in jail. Upon being questioned by the trial court, Ms. Clark acknowledged that the hoe incident resulted in the appellant being charged with domestic assault in 2012. She also acknowledged that the appellant was on probation for that offense when he committed the offenses in this case. At the conclusion of Ms. Clark's testimony, defense counsel introduced into evidence a document from Helen Ross McNabb Center, showing that the appellant contacted the Center on March 7, 2014, for the purpose of obtaining alcohol and drug treatment.

The trial court found that the following enhancement factors were applicable to the appellant's sentences: (1), that "[t]he defendant has a previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range"; (3), that "[t]he offense involved more than one (1) victim"; and (13)(C), that at the time of the crimes, the defendant was on probation. Tenn. Code Ann.

§ 40-35-114(1), (3), (13)(C). The trial court also found that enhancement factor (4), that "[a] victim of the offense was particularly vulnerable because of age or physical or mental disability," applied to the appellant's sentence for aggravated domestic assault due to the victim's being eighty-two years old and suffering from pneumonia at the time of the crime. Finally, the court found that enhancement factor (13)(H), that at the time of the felony crimes, the defendant was incarcerated on a misdemeanor or felony charge or conviction, applied to the appellant's sentences for coercion of a witness and retaliation for past action because he was in custody for the theft and aggravated domestic assault at the time of the crimes. The trial court found no mitigating factors. The court stated that enhancement factors (1), (4), and (13)(C) justified the maximum punishment in the range for the offenses and, therefore, sentenced the appellant as a Range I, standard offender to six years for aggravated domestic assault, a Class C felony; four years for theft of property valued more than $1,000, a Class D felony; four years for coercion of a witness, a Class D felony; and two years for retaliation for past action, a Class E felony. See Tenn. Code Ann. § 40-35-112(a)(3), (4), (5).

The trial court ruled that, pursuant to the plea agreement, the appellant would serve the six-year sentence for aggravated domestic assault and the four-year sentence for theft concurrently. The trial court also ruled that the four-year sentence for coercion of a witness and the two-year sentence for retaliation of past action should be served concurrently with each other but consecutively to the other two for a total effective sentence of ten years. The trial court ordered that the appellant serve the sentences in confinement.

## II. Analysis

### A. Illegal Sentence

The appellant contends that his concurrent sentences for aggravated domestic assault and theft are illegal because he committed the former while he was on bail for the latter. He claims that the record demonstrates that he relied upon the concurrent sentencing in deciding to enter the pleas, that he is entitled to withdraw his pleas pursuant to Rule 36.1, Tennessee Rules of Criminal Procedure, and that this court should remand the case to the trial court in order for him to withdraw the pleas. The State argues that the appellant is not entitled to relief because the record fails to demonstrate that his concurrent sentences are illegal. We agree with the State.

Tennessee Code Annotated section 40-20-111(b) provides that when a defendant commits a felony while on bail, and the defendant is convicted of both offenses, the appellant shall serve the sentences consecutively. Likewise, Tennessee Rule of Criminal Procedure 32(c)(3)(C) mandates consecutive sentencing for "a sentence for a felony

committed while the defendant was released on bail and the defendant is convicted of both offenses."

Tennessee Rule of Criminal Procedure 36.1, enacted July 1, 2013, states, in relevant part, as follows:

> (a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

> (b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

> . . . . .

> [c](2) If the court determines that the sentence is an illegal sentence, the court shall then determine whether the illegal sentence was entered pursuant to a plea agreement. If not, the court shall enter an amended uniform judgment document, see Tenn. Sup. Ct. R. 17, setting forth the correct sentence.

> (3) If the illegal sentence was entered pursuant to a plea agreement, the court shall determine whether the illegal provision was a material component of the plea agreement. If so, the court shall give the defendant an opportunity to withdraw his or her plea. If the defendant chooses to withdraw his or her plea, the court shall file an order stating its finding that the illegal provision was a material component of the plea agreement, stating that the defendant withdraws

his or her plea, and reinstating the original charge against the defendant. If the defendant does not withdraw his or her plea, the court shall enter an amended uniform judgment document setting forth the correct sentence.

"A sentence is not illegal when it is 'statutorily available but ordinarily inapplicable to a given defendant'; rather, an illegal sentence is one that is 'simply unavailable under the Sentencing Act.'" State v. Adrian R. Brown, No. E2014-00673-CCA-R3-CD, 2014 WL 5483011, at *3 (Tenn. Crim. App. at Knoxville, Oct. 29, 2014) (quoting Cantrell v. Easterling, 346 S.W.3d 445, 454 (Tenn. 2011)), application for perm. to appeal filed, (Mar. 16, 2015). Rule 36.1 provides "an avenue for correcting allegedly illegal sentences. The Rule does not provide an avenue for seeking the reversal of convictions." State v. Jimmy Wayne Wilson, No. E2013-02354-CCA-R3-CD, 2014 WL 1285622, at *2 (Tenn. Crim. App. At Knoxville, Mar. 31, 2014) (citing Cantrell v. Easterling, 346 S.W.3d 445, 455-56 (Tenn. 2011)), perm. to appeal denied, (Tenn., Nov. 2014).

The appellant contends that he is entitled to withdraw his pleas pursuant to Rule 36.1(c)(3), Tennessee Rules of Criminal Procedure, because he was on bail for theft when he committed aggravated domestic assault. We disagree. Initially, we note that the appellant never filed a motion in the trial court to correct an illegal sentence pursuant to Rule 36.1. See Tenn. R. Crim. P. 36(a). Regardless, the record fails to contain any evidence that the appellant was released on bail at the time he committed aggravated domestic assault. In an appendix to his brief, the appellant has included documents showing that he was arrested for theft on March 19, 2013, that he was released on bond on March 21, 2013, and that he committed aggravated domestic assault on March 31, 2013. However, as noted by the State, "documents attached to an appellate brief but not included in the record on appeal cannot be considered by this court as part of the record on appeal." Grover L. Dunigan v. State, No. E2005-01574-CCA-R3-PC, 2006 WL 433699, at *3 (Tenn. Crim. App. at Knoxville, Feb. 23, 2006); see also State v. Matthews, 805 S.W.2d 776, 783-84 (Tenn. Crim. App. 1990). Thus, the appellant is not entitled to relief on this issue.

### B. Excessive Sentencing

The appellant contends that the trial court erred by ordering that he serve the maximum punishment in the range for all of his sentences because the trial court misapplied enhancement factors and failed to apply mitigating factors and that the trial court should have granted alternative sentencing. The State argues that the trial court properly sentenced the appellant to the maximum punishments and denied alternative sentencing. We agree with the State.

In sentencing a defendant, the trial court shall consider the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; (7) any statement by the appellant in his own behalf; and (8) the potential for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-102, -103, -210; see also State v. Ashby, 823 S.W.2d 166, 168 (Tenn. 1991). Previously, appellate review of the length, range, or manner of service of a sentence was de novo with a presumption of correctness. See Tenn. Code Ann. § 40-35-401(d). "[S]entences imposed by the trial court within the appropriate statutory range are to be reviewed under an abuse of discretion standard with a 'presumption of reasonableness.'" State v. Bise, 380 S.W.3d 682, 708 (Tenn. 2012). Our supreme court has specifically held that the abuse of discretion standard, with a presumption of reasonableness, also applies to a review of a denial of alternative sentencing. State v. Caudle, 388 S.W.3d 273, 278-79 (Tenn. 2012).

The burden is on the appellant to demonstrate the impropriety of his sentence. See Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Cmts. An appellant is eligible for alternative sentencing if the sentence actually imposed is ten years or less. See Tenn. Code Ann. § 40-35-303(a). The appellant's sentences meet this requirement. Moreover, an appellant who is an especially mitigated or standard offender convicted of a Class C, D, or E felony should be considered a favorable candidate for alternative sentencing absent evidence to the contrary. See Tenn. Code Ann. § 40-35-102(6). Thus, the appellant is considered to be a favorable candidate for alternative sentencing. Tennessee Code Annotated section 40-35-103(1) sets forth the following sentencing considerations which are utilized in determining the appropriateness of alternative sentencing:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the

defendant.

See also State v. Zeolia, 928 S.W.2d 457, 461 (Tenn. Crim. App. 1996). Additionally, "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant should be considered in determining the sentence alternative or length of a term to be imposed." Tenn. Code Ann. § 40-35-103(5). A defendant with a long history of criminal conduct and "evincing failure of past efforts at rehabilitation" is presumed unsuitable for alternative sentencing. Tenn. Code Ann. § 40-35-102(5).

Turning to the instant case, we agree with the appellant that the trial court misapplied enhancement factor (3), that the offenses involved more than one victim. The victims in this case were Donnie Clark, Ruth Clark, and Jean Cutshaw, all of whom were named in counts one and six, two, and eight, respectively, of the indictment. As this court has stated, "the multiple victim factor is not applicable when separate convictions are based upon the existence of the separate victims." State v. Kerry D. Hewson, No. M2004-02117-CCA-R3-CD, 2005 WL 2438386, at *7 (Tenn. Crim. App. at Nashville, Sept. 28, 2005). Given that the jury convicted the appellant of separate felony convictions related to all of the victims, the trial court could not apply enhancement factor (3) to the sentences. However, the trial court gave enhancement factor (3) little, if any, weight. Moreover, the trial court properly applied the remaining enhancement factors. As our supreme court has explained, a trial court's "misapplication of an enhancement or mitigating factor does not invalidate the sentence imposed. . . . So long as there are other reasons consistent with the purposes and principles of sentencing, as provided by statute, a sentence imposed by the trial court within the appropriate range should be upheld." Bise, 380 S.W.3d at 706.

The appellant also contends that the trial court should have mitigated his sentences for his mental health issues and his substance abuse issues "brought about through his father's giving him alcohol at a young age." However, nothing indicates that the appellant has ever been diagnosed with a mental health condition, that he has been prescribed medication for a mental health condition, or that he has sought treatment for mental health issues. Similarly, nothing indicates that the appellant has ever been diagnosed with an alcohol abuse problem or that he has sought treatment for alcohol abuse. Therefore, the trial court did not err by failing to mitigate the appellant's sentences.

Finally, the appellant claims that the trial court erred by failing to grant alternative sentencing, citing evidence that he has a "rehabilitative family home upon release," that he has taken steps to find long-term substance abuse treatment, and that his prior record consists only of misdemeanors. However, in denying alternative sentencing, the trial court stated as follows:

Based upon the fact that these offenses occurred while he was on probation, he's previously been afforded release in the community and these occurred while he was on probation, the seriousness of the offenses, and to avoid mitigating the seriousness of the offenses, that probation should be denied, as well as alternative sentencing for the same reasons.

The record reflects that the appellant repeatedly has been in domestic disputes with family members, that measures less restrictive than confinement have been applied unsuccessfully to him, and that, despite his claims of mental illness and substance abuse, he has never sought treatment, indicating that he has little potential for rehabilitation. Accordingly, we conclude that the trial court properly denied his request for alternative sentencing.

C. Consecutive Sentencing

The appellant claims that the trial court erred by ordering that he serve the sentences for counts six and eight consecutively to counts one and two because the court failed to make proper findings pursuant to Tennessee Code Annotated section 40-35-115(b). The State argues that the trial court properly ordered consecutive sentencing. We agree with the State.

Tennessee Code Annotated section 40-35-115(b) provides that a trial court may order consecutive sentencing for a defendant convicted of more than one offense if the court finds the following by a preponderance of the evidence:

(1) The defendant is a professional criminal who has knowingly devoted the defendant's life to criminal acts as a major source of livelihood;

(2) The defendant is an offender whose record of criminal activity is extensive;

(3) The defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;

- 10 -

(4) The defendant is a dangerous offender whose behavior indicates little or no regard for human life and no hesitation about committing a crime in which the risk to human life is high;

(5) The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims;

(6) The defendant is sentenced for an offense committed while on probation; or

(7) The defendant is sentenced for criminal contempt.

Consecutive sentencing is reviewed under an abuse of discretion standard with a presumption of reasonableness. State v. Pollard, 432 S.W.3d 851, 859 (Tenn. 2013).

The trial court found that the appellant should serve the sentences for counts six and eight consecutively to the sentences for counts one and two because "they occurred after the original offenses and were directed toward the victims of the original offenses, again, because of his previous record of domestic assault, the Court believes that those should run consecutively for a net ten year sentence." The court then stated that "that sentence reasonably relates to the seriousness of these offenses, that he's demonstrated through his conduct that he can be a dangerous person." Thus, the record reflects that the trial court ordered consecutive sentencing based upon the appellant's being a dangerous offender.

Our case law clearly provides that in order to impose consecutive sentencing based upon finding that a defendant is a dangerous offender, a court must also find that "(1) the sentences are necessary in order to protect the public from further misconduct by the defendant and (2) 'the terms are reasonably related to the severity of the offenses.'" State v. Moore, 942 S.W.2d 570, 574 (Tenn. Crim. App. 1996) (quoting State v. Wilkerson, 905 S.W.2d 933, 936, 938 (Tenn. 1995)); see also State v. Lane, 3 S.W.3d 456, 461 (Tenn. 1999). In this case, the trial court specifically stated that consecutive sentencing reasonably related to the severity of the offenses. The trial court's comments also demonstrate that it found consecutive sentencing was necessary in order to protect the public, particularly the appellant's relatives, from further misconduct by him. Therefore,

we conclude that the trial court did not abuse its discretion by ordering consecutive sentencing based on the appellant's being a dangerous offender.

### III. Conclusion

Based upon the record and the parties' briefs, we affirm the appellant's convictions and sentences. However, the guilty plea hearing transcript clearly reflects that the appellant pled guilty to count eight, retaliation for past action, and that the State dismissed count seven. The judgments of conviction, though, show that the appellant pled guilty to count seven and that the State dismissed count eight. Therefore, we remand the case to the trial court for correction of those judgments.

_____
NORMA MCGEE OGLE, JUDGE