**STATE of Tennessee, Appellee,**

v.

**Ricky Lynn MOORE, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Oct. 30, 1996.

No Permission to Appeal Applied for to the Supreme Court.

Mack Garner, District Public Defender, Maryville, for Appellant.

Charles W. Burson, Attorney General and Reporter, Elizabeth T. Ryan, Assistant Attorney General, Nashville, Mike Flynn, District Attorney General, Maryville, for Appellee.

## OPINION

WADE, Judge.

The defendant, Ricky Lynn Moore, pled guilty to one count of burglary and one count of theft over $1000. At the time of these offenses, the defendant was on intensive probation for a 1992 aggravated robbery conviction. The plea agreement provided for Range I, concurrent two-year sentences on each count and restitution in the amount of $6550. After revoking probation and ordering the defendant to serve his eight-year robbery sentence, the trial court ordered the burglary and theft sentences to be served consecutively to the eight-year robbery sentence. The single issue on appeal is whether the trial court erred by ordering the sentences to be served consecutively. We affirm the trial court.

The defendant, an employee of Pizza Hut, became angry when he was denied a transfer to another location. After closing, he used his keys to enter the restaurant, open its safe, and remove approximately $6500. He claimed that he used the money to pay delinquent child support and other overdue bills. The record establishes that the defendant had prior convictions for passing worthless checks, assault, impersonating a police officer, possession of a weapon with the intent to go armed, and various driving related offenses. He faced a charge for driving on a revoked license at the time of the sentencing hearing.

The trial court found consecutive sentencing appropriate because the defendant had an extensive record of criminal activity and because the offenses were committed while the defendant was on probation. Tenn.Code Ann. § 40-35-115. The defendant claims the trial court had no basis for ordering the new sentences consecutive to the eight-year term for robbery.

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a *de novo* review with a presumption that the determinations made by the trial court are correct. Tenn.Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn.1991); *see State v. Jones*, 883 S.W.2d 597 (Tenn.1994). The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence.

■ Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn.Code Ann. §§ 40-35-102, -103, and -210; *State v. Smith*, 735 S.W.2d 859, 863 (Tenn.Crim.App.1987).

■ There are three separate statutory provisions or rules which are relevant to the defendant's receiving consecutive sentences. First, there is Tenn.Code Ann. § 40-35-115, which is essentially a codification of *Gray v. State*, 538 S.W.2d 391 (Tenn.1976) and *State v. Taylor*, 739 S.W.2d 227 (Tenn.1987). That section creates several limited classifications for the imposition of consecutive sentences. Next, there is Tenn.Code Ann. § 40-35-310, which gives the trial judge discretion to order consecutive sentences when the defendant commits a crime while on probation. Finally, there is Rule 32, Tenn.R.Crim.P., which addresses sentencing where the defendant has prior unserved sentences and also requires mandatory consecutive sentencing in limited instances. The mere fact that the defendant may escape consecutive sentencing under one rule or statute does not bar consecutive sentencing based on another statute. We will consider each of the provisions.

Prior to the enactment of the Criminal Sentencing Reform Act of 1989, the limited classifications for the imposition of consecutive sentences were set out in *Gray v. State*, 538 S.W.2d 391, 393 (Tenn.1976). In that case our supreme court ruled that aggravating circumstances must be present before placement in any one of the classifications. Later, in *State v. Taylor*, 739 S.W.2d 227 (Tenn.1987), the court established an additional category for those defendants convicted of two or more statutory offenses involving sexual abuse of minors. There were, however, additional words of caution: "[C]onsecutive sentences should not routinely be imposed … and … the aggregate maximum of consecutive terms must be reasonably related to the severity of the offenses involved." *State v. Taylor*, 739 S.W.2d at 230. The Sentencing Commission Comments adopted the cautionary language. Tenn. Code Ann. § 40–35–115. The 1989 Act is, in essence, the codification of the holdings in *Gray* and *Taylor;* consecutive sentences may be imposed in the discretion of the trial court only upon a determination that one or more of the following criteria [1] exist:

(1) The defendant is a professional criminal who has knowingly devoted himself to criminal acts as a major source of livelihood;

(2) The defendant is an offender whose record of criminal activity is extensive;

(3) The defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;

(4) The defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high;

(5) The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims;

(6) The defendant is sentenced for an offense committed while on probation;

(7) The defendant is sentenced for criminal contempt.

Tenn.Code Ann. § 40–35–115(b).

■■■ The defendant contends that Tenn. Code Ann. § 40–35–115 only applies to multiple convictions arising out of one proceeding and is not a basis for ordering new sentences be served consecutively to prior unserved sentences. He reasons that the new sentences should not have been ordered consecutive to the eight year term. We disagree. The plain language of the statute does not limit its application: "If a defendant is convicted of more than one (1) criminal offense, the court shall order sentences to run consecutively or concurrently as provided by the criteria in this section." Tenn.Code Ann. § 40–35–115(a). Our interpretation is that consecutive sentences may be imposed any time the defendant is convicted of more than one criminal offense; the offenses do not necessarily have to arise from the same proceeding. Also, subpart (b)(6) is a basis for consecutive sentences when "[t]he defendant is sentenced for *an* offense committed while on probation[.]" Tenn.Code Ann. § 40–35–115(b)(6) (emphasis added). "An offense" is singular and authorizes the trial judge to order the new sentence to be served consecutively to the one for which probation was granted. This court has previously held that this section applies where the trial court sentences the defendant for an offense committed while on probation. *State v. James W. Taylor*, No. 01C01–9501–CC–00002, slip op. at 7, 1995 WL 376741 (Tenn.Crim.App., at Nashville, June 22, 1995). *See also Kenny Dewayne Covington v. State*, No. 01C01–9401–CR–00010, 1994 WL 548751 (Tenn. Crim.App., at Nashville, Oct. 6, 1994), *perm.*

---

**1.** The first four criteria are found in *Gray*. A fifth category in *Gray*, based on a specific number of prior felony convictions, may enhance the sentence range but is no longer a listed criterion. *See* Tenn.Code Ann. § 40–35–115, Sentencing Commission Comments.

*to app. den.* (Tenn.1995); *State v. Henry Apple,* No. 01C01–9209–CR–00273, 1993 WL 39760 (Tenn.Crim.App., at Nashville, Feb. 18, 1993).

The second statutory basis for consecutive sentencing is Tenn.Code Ann. § 40–35–310, which provides as follows:

[I]n any case of revocation of suspension [of probation] on account of conduct by the defendant which has resulted in a judgment of conviction against him during his period of probation, the trial judge may order that the term of imprisonment imposed by the original judgment be served consecutively to any sentence which was imposed upon such conviction.

The section gives the trial judge discretion to order consecutive sentences when the defendant is convicted of a crime while on probation for a previous crime.

The third and final rule, Rule 32(c), Tenn. R.Crim.P., addresses sentencing when the defendant has prior unserved sentences:

**(c) Concurrent or Consecutive Sentences.**

\*   \*   \*   \*   \*   \*

(2) Sentence When Defendant Has Prior Sentence Not Fully Served. *If the defendant has additional sentences not yet fully served ... the court shall recite this in the judgment setting sentence, and the sentence imposed shall be deemed to be concurrent with the prior sentence* or sentences, unless it affirmatively appears that the new sentence being imposed is to be served consecutively with the prior sentence or sentences. *The judgment to make the sentences consecutive or concurrent shall explicitly recite the judge's reasons therefore, and is reviewable on appeal.*

\*   \*   \*   \*   \*   \*

(3) Mandatory Consecutive Sentences. Where a defendant is convicted of multiple offenses from one trial or where the defendant has additional sentences not yet fully served as the result of the convictions in the same or other court and the law requires consecutive sentences, *the sentence shall be consecutive whether the judgment*

*explicitly so orders or not.* This rule shall apply:

(A) to a sentence for a felony committed while *on parole* for a felony;

(B) to a sentence for escape or for a felony committed while on escape;

(C) to a sentence for a felony where the defendant was released on bail and the defendant is convicted of both offenses; and

(D) any other ground provided by law. Tenn.R.Crim.P. 32(c)(2)–(3) (emphasis added).

The defendant argues that he does not fit into any of these categories, and that consecutive sentencing is, therefore, inappropriate. As indicated, however, Rule 32(c)(3) is not the only statutory provision which authorizes the trial court to impose consecutive sentences. Moreover, Rule 32(c)(3)(D) specifically permits consecutive sentencing based on "any other ground provided by law."

█ In our view, the defendant still is subject to consecutive sentencing under Tenn.Code Ann. § 40–35–310 and under Tenn.Code Ann. § 40–35–115. Recently, in *State v. Wilkerson,* 905 S.W.2d 933, 938 (Tenn.1995), our high court held that consecutive sentences should not be required "unless the terms reasonably relate[ ] to the severity of the offenses committed and are necessary in order to protect the public (society) from further criminal acts by those persons who resort to aggravated criminal conduct." The *Wilkerson* decision, which modified somewhat the strict factual guidelines for consecutive sentencing adopted in *State v. Woods,* 814 S.W.2d 378, 380 (Tenn. Crim.App.1991), described sentencing as a "human process that neither can nor should be reduced to a set of fixed and mechanical rules." *State v. Wilkerson,* 905 S.W.2d at 938.

█ Here, the trial court found that the defendant qualified for consecutive sentences on two grounds: he had an extensive record of criminal activity and the offenses were committed on probation. The record supports each determination. When a defendant falls within the statutory classifications for eligibility to be considered for consecutive

sentencing, the only remaining considerations are whether (1) the sentences are necessary in order to protect the public from further misconduct by the defendant and (2) "the terms are reasonably related to the severity of the offenses." *State v. Wilkerson,* 905 S.W.2d at 938.

We hold that the trial court had a basis for concluding that consecutive sentences are necessary to protect the public. Because these crimes were committed while the defendant was on intensive probation, he had demonstrated a lack of amenability for rehabilitation. That he chose to violate a position of trust by burglarizing the business of his employer is of special concern. At a relatively young age, the defendant has numerous prior convictions. "Further misconduct" by the defendant appears to be likely, unless the defendant is incarcerated. Due to his lengthy record and his failure to demonstrate any rehabilitative qualities, we must also conclude that the terms are reasonably related to the severity of the offenses.

Accordingly, the judgment is affirmed.

JONES, P.J., and SUMMERS, J., concur.