IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 13, 2000

## STATE OF TENNESSEE v. KEVIN WAYNE BRIM

**Appeal from the Circuit Court for Williamson County**
**No. II-997-348     Timothy L. Easter, Judge**

---

**No. M1999-01925-CCA-R3-CD - Filed February 9, 2001**

---

The defendant appeals from the revocation of his probation, contending that the trial court erred in ordering consecutive sentences. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ALAN E. GLENN, JJ., joined.

Jefre S. Goldtrap, Nashville, Tennessee, attorney for the appellant, Kevin Wayne Brim.

Paul G. Summers, Attorney General and Reporter; Marvin E. Clements, Jr., Assistant Attorney General; Ronald L. Davis, District Attorney General; and Sharon E. Tyler, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On September 19, 1997, the defendant, Kevin Wayne Brim, pled guilty to theft of property over $1,000, a Class D felony, and the Williamson County Circuit Court sentenced him as a Range I, standard offender to four years, which were suspended and to be served on supervised probation. On April 19, 1999, the defendant pled guilty in the Rutherford County Circuit Court to possession of more than one-half gram of cocaine with intent to sell, a Class B felony. A probation violation warrant was filed in Williamson County, listing the Rutherford County conviction and stating that the defendant had tested positive for marijuana on March 4, 1999. A hearing was held on November 15, 1999, and the defendant admitted that he had violated his probation. The trial court found accordingly and ordered the original sentence to be served consecutively to the sentence for his Rutherford County conviction. On appeal, the defendant contends that the trial court erred by ordering the sentences to run consecutively.

The trial court has discretion to order consecutive sentences when the defendant is convicted of a crime while on probation. Tenn. Code Ann. § 40-35-310 ("[I]n any case of revocation on

account of conduct by the defendant which has resulted in a judgment of conviction against him during his period of probation, the trial judge may order that the term of imprisonment be served consecutively to any sentence which was imposed upon such conviction."); see State v. Moore, 942 S.W.2d 570, 571 (Tenn. Crim. App. 1996). In this case, it is undisputed that the defendant was convicted for possession of more than one-half gram of cocaine with intent to sell, a Class B felony, while on probation. Moreover, the trial court noted the defendant's extensive criminal history, which included a 1992 conviction for possession of cocaine and eleven driving offenses, including driving under the influence and driving on a revoked license. The trial court properly exercised its discretion in ordering the sentence to be served consecutively to the Rutherford County sentence. See also Tenn. Code Ann. § 40-35-115(2), (6).

The defendant does not contest the above analysis. Rather, he relies on Tenn. R. Crim. P. 32, which states in relevant part:

> If the defendant has additional sentences not yet fully served as the result of convictions in the same court or in other courts of this state and if this fact is made known to the court prior to sentencing, the court shall recite this in the judgment setting sentence, and the sentence imposed shall be deemed to be concurrent with the prior sentence or sentences, unless it affirmatively appears that the new sentence being imposed is to be served consecutively with the prior sentence or sentences.

Tenn. R. Crim. P. 32(c)(2). The defendant asserts that the state had notice of his conviction and probation in Williamson County when he pled guilty in Rutherford County. He argues that because the Rutherford County Circuit Court did not order his possession sentence to run consecutively to his previous Williamson County theft sentence, the Williamson County court should not be allowed to order consecutive sentences upon the subsequent revocation of probation regarding the theft conviction. We have previously recognized that there "are three separate statutory provisions or rules which are relevant to . . . consecutive sentences." Moore, 942 S.W.2d at 571. The three provisions are Tenn. Code Ann. § 40-35-115, Tenn. Code Ann. § 40-35-310, and Tenn. R. Crim. P. 32. "The mere fact that the defendant may escape consecutive sentencing under one rule or statute does not bar consecutive sentencing based on another statute." Id. Therefore, although the Rutherford County court did not impose consecutive sentences, the Williamson County court was not prevented from exercising the discretion granted to it by Tenn. Code Ann. § 40-35-310 and imposing consecutive sentences when it revoked the defendant's probation based upon his conviction while he was on probation.

Based upon the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
JOSEPH M. TIPTON, JUDGE