IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 25, 2001

## STATE OF TENNESSEE v. ERIC JONATHAN BENEFIELD

**Appeal from the Criminal Court for Hamilton County**
**Nos. 204842 - 204851, 228936, 228938, 228939     Douglas A. Meyer, Judge**

---

**No. E2000-02565-CCA-R3-CD**
**October 2, 2001**

---

Eric Jonathan Benefield appeals the Hamilton County Criminal Court's imposition of consecutive sentencing. In the proceedings below, the trial court incorrectly determined that because the defendant was on probation at the time of his offenses, consecutive sentencing was required by Tennessee Rule of Criminal Procedure 32(c)(3). However, consecutive sentencing was merely permissible, not mandatory. We therefore reverse the trial court's consecutive sentencing determination and remand for further consideration under the applicable law.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Reversed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Jerry S. Sloan, Chattanooga, Tennessee, for the Appellant, Eric Jonathan Benefield.

Paul G. Summers, Attorney General & Reporter; Elizabeth B. Marney, Assistant Attorney General; William H. Cox, III, District Attorney General; and Rodney Strong, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

The defendant was serving an effective four-year probationary sentence for ten convictions of obtaining prescription drugs by fraud when he committed three additional crimes of the same nature. He pleaded guilty to the latter three offenses and agreed to an effective ten-year sentence. The plea agreement did not address the manner of service of the sentence or dispose of the matter of consecutive versus concurrent sentencing. The trial court imposed incarcerative consecutive sentencing, reasoning that the defendant merited consecutive sentencing under Tennessee Rule of Criminal Procedure 32(c)(3). The defendant has appealed the consecutive sentencing determination.

This case turns on the trial court's interpretation of Tennessee Rule of Criminal Procedure 32(c)(3). That rule provides,

> Mandatory Consecutive Sentences. Where a defendant is convicted of multiple offenses from one trial or where the defendant has additional sentences not yet fully served as the result of the convictions in the same or other court and the law requires consecutive sentences, the sentence shall be consecutive whether the judgment explicitly so orders or not. This rule shall apply:
> (A) To a sentence for a felony committed while on parole for a felony;
> (B) To a sentence for escape or for a felony committed while on escape;
> (C) To a sentence for a felony where the defendant was released on bail and the defendant is convicted of both offenses; and
> (D) Any other ground provided by law.

Tenn. R. Crim. P. 32(c)(3).

In this case, the trial court held that Rule 32(c)(3)(A) mandated that the defendant receive consecutive sentencing. When the defendant's counsel stated that the trial court had the prerogative to decide whether the sentences should be concurrent, the trial judge stated

> I don't think so, because even though the wording . . . [is that a] sentence shall be consecutive to a sentence where a felony has been committed while on parole, and it doesn't say "probation" but I treat them as the same, so I have to order the sentence consecutive based on his prior offenses. . . . I think any discretion I have mandates that he receive the same treatment as he would if he was on parole, there's no real difference in a person being on parole and a person being on probation.

Thus, the question before the court is whether Rule 32(c)(3) mandates consecutive sentencing when an offense is committed by a defendant who is serving a probationary sentence. The answer, simply put, is no. *See, e.g., State v. Charles Clay Young*, No. 01C01-9605-CC-00195, slip op. at 15 (Tenn. Crim. App., Nashville, Aug. 15, 1997), *perm. app. denied* (Tenn. 1998); *State v. Phil Wilkerson*, No. 03C01-9708-CR-00336, slip op. at 7 (Tenn. Crim. App., Knoxville, July 9, 1998); *see also State v. Pettus*, 986 S.W.2d 540, 544 n.9 (Tenn. 1999) (declining to expand Rule 32(c)(3) beyond its stated terms in case involving revocation of community corrections sentence). *But cf. State v. Bernard Miguel Wallace*, No. 02C01-9406-CC-00108, slip op. at 5 n.1 (Tenn. Crim. App., Jackson, Dec. 21, 1994) ("Because his present conviction is for a misdemeanor, as opposed to a felony, the trial court was allowed to, but not required to, order the sentence to be served consecutively to other sentences previously imposed for which the defendant was on *parole or probation*. *See* Tenn. R. Crim. P. 32(c)(2) and (3)." (emphasis added)); *State v. Timothy Clay Sneed*, No. 490 (Tenn. Crim. App., Knoxville, Oct. 16, 1986) (defendant who was on "probation" properly consecutively sentenced under Rule 32(c)(3) for felony committed while on "parole"), *perm. app. denied* (Tenn. 1987). Thus, the trial court erred in concluding that, as a matter of law, the defendant must receive consecutive sentences.

The question then becomes what effect must be given this error. The law provides that consecutive sentences are permissive in the situation at bar. *See* Tenn. Code Ann. §§ 40-35-115 (1997) (consecutive sentencing for multiple convictions); 40-35-311(d) (1997) (consecutive sentencing upon probation revocation); Tenn. R. Crim. P. 32(c)(2) (consecutive sentencing when defendant has prior unserved sentences); *see generally State v. Moore*, 942 S.W.2d 570, 571-74 (Tenn. Crim. App. 1996). In previous cases when the trial court has mistakenly determined that consecutive sentencing was mandatory, we have remanded the case to allow the trial court to exercise its discretion in determining whether the sentence should run concurrently with or consecutively to the prior sentence. *See, e.g., Phil Wilkerson*, slip op. at 8; *State v. Larry G. Hart*, No. 02C01-9406-CC-00111 (Tenn. Crim. App., Jackson, June 28, 1995), slip op. at 12. Such a remand is appropriate in this case.

In deciding on this course, we have not overlooked the state's argument that this court should affirm the trial court's consecutive sentencing order on the basis that the defendant merited consecutive sentencing because he committed these offenses while on probation and because he had an extensive prior criminal record. *See* Tenn. Code Ann. § 40-35-115(b)(2), (6) (1997). Because, however, the trial court made its decision as a matter of law and never reached the point at which it made determinations on the factual issues regarding the propriety of consecutive versus concurrent sentencing, we believe a remand is more appropriate. We are particularly compelled to reject the state's proposed resolution because of the trial court's indications on the record that it may have been inclined to rule differently but believed it lacked the discretion to do so.

Finally, we have not overlooked the defendant's complaint about the ordering of the sentences. That is, the defendant complains that the trial court imposed the sentences for the new convictions consecutively to the prior sentences, rather than the opposite order. Our reversal of the consecutive sentencing determination renders this issue moot for the present time. If the trial court orders consecutive sentences on remand, it will have the opportunity to consider the proper ordering of the sentences. Even if this issue were not presently moot, we would hold that it has been waived. The defendant failed to cite any authority supporting his position in his brief. *See* Tenn. R. Ct. Crim. App. 10(b).

For these reasons, the trial court's judgment imposing consecutive sentencing is reversed. The matter is remanded for a determination under the applicable law of the propriety of consecutive sentencing.

_____
JAMES CURWOOD WITT, JR., JUDGE