IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs September 1, 2020

## STATE OF TENNESSEE v. ROBERT EARL GRADY, JR.

**Appeal from the Circuit Court for Madison County**
No. 18-839   Donald H. Allen, Judge

_____

### No. W2019-01808-CCA-R3-CD
_____

The defendant, Robert Earl Grady, Jr., pleaded guilty to two counts of felon in possession of a firearm for which he received consecutive twelve-year sentences for an effective sentence of twenty-four years' confinement.  On appeal, the defendant contends the trial court erred by imposing consecutive terms.  Upon our review of the record, the applicable law, and the arguments of the parties, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, J., joined. CAMILLE R. MCMULLEN, J., concurring in results only.

Gregory D. Gookin, Jackson, Tennessee, for the appellant, Robert Earl Grady, Jr.

Herbert H. Slatery III, Attorney General and Reporter; Ronald L. Coleman, Assistant Attorney General; Jody Pickens, District Attorney General; and Shaun A. Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

#### *Factual and Procedural Background*

*A. Guilty Plea*

On October 29, 2018, a Madison County grand jury indicted the defendant for one count of felon in possession of a firearm.  Tenn. Code Ann. § 39-17-1307(b)(1)(a).  Then, on January 28, 2019, a Madison County grand jury returned a two count indictment charging the defendant with felon in possession of a firearm and possession of a legend drug.  *Id*., § 53-10-104.   Per the agreement of the parties, the defendant agreed to plead

guilty to two counts of felon in possession of a firearm, and the State agreed to dismiss the charge of possession of a legend drug. The parties also agreed that the defendant, who qualified as a Range II offender, would be sentenced as a Range I offender with the length of the defendant's sentence to be determined by the trial court.

At the guilty plea hearing, the State recited the facts supporting the defendant's convictions as follows:

> Your Honor, in Docket No. 18-839 the State would show at trial that on or about April the 2nd of 2018 officers arrived at an address here on Briarcliff Drive in Madison County and made contact with Mr. Grady who came out of the residence and loaded some bags into the vehicle. They made contact with him and asked [] to speak with him. He did approach them and officers then discovered a black handgun laying in the grass where Mr. Grady had been prior to speaking with them. They did recover that firearm and Mr. Grady appeared to be nervous and they asked him why he was nervous and he said because he knew that he was going to jail and they asked him why and he said for possessing that handgun and they said, well, why is that and he said, "Because I am a convicted felon." They didn't know it at the time so they did search and they did discover that he is a convicted felon. Thus, the State would show at trial that on or about April the 2nd of 2018, Mr. Grady did unlawfully, intentionally, knowingly and/or recklessly use a firearm having a prior conviction for a violent felony being aggravated burglary in Madison County Circuit Court No. 11-19. This offense occurred in Madison County, Tennessee.
>
> . . .
>
> Your Honor, Docket No. 19-98, the State would show at trial that on or about October 3rd of 2018 that Mr. Grady did unlawfully possess a firearm having been convicted of a prior violent felony being that aggravated burglary in Madison County Circuit Court Docket No. 11-19. The [c]ourt heard this in a Motion to Suppress, if it please the [c]ourt. It was a car stop on that date by the deputies with the sheriff's department because there was an inoperable brake light. They came in contact with that driver and also there was a passenger and they found upon a consensual search, they found a Crown Royal bag that had 9 millimeter rounds in it in a duffle bag that was identified as belonging to Mr. Grady. They did a pat-down search and they did locate then on Mr. Grady's person, concealed on his person, a 9 millimeter handgun. He can't possess that because he is a convicted felon

so he was placed into custody and under arrest.  This offense also occurred here in Madison County, Tennessee.

Upon hearing the facts supporting the defendant's convictions and determining the defendant entered his plea freely and voluntarily and knowingly and intelligently waived his rights, the trial court found the defendant guilty of two counts of felon in possession of a firearm.

## B. Sentencing Hearing

A sentencing hearing was held on September 16, 2019.  At the sentencing hearing, the defendant, who was twenty-nine years old at the time, admitted he was illegally possessing a firearm each time he was arrested.  The defendant, however, stated that he was not carrying the firearm in order to hurt anyone, rather he carried a gun for protection because he was involved in drugs.  The defendant testified he started using methamphetamine and suboxone in 2009 or 2010.  Based on his drug addiction, the defendant petitioned the trial court to be sentenced to inpatient treatment.  According to the defendant, the Jack Gean Treatment Center had space for him and was willing to accept him as a patient.

When questioned by the trial court concerning his criminal history, the defendant admitted that as a juvenile he was twice charged and adjudicated delinquent for domestic assault against his mother.  He was ordered to attend anger management both times.  Three years later, the defendant was charged with three counts of vandalism.  As a result, he was sent to Timber Springs, a mental health and substance abuse program, for thirty days and then placed on probation.  In 2009, at the age of nineteen, the defendant was convicted of underage consumption and trespass.  He was ordered to undergo treatment and placed on probation.  Seven months later, while still on probation, the defendant was charged with unlawful possession of a firearm for which he was again placed on probation.  On September 20, 2010, the defendant, again while on probation, was charged with and convicted of aggravated burglary and theft over $10,000.  He was sentenced to five years with the Tennessee Department of Correction.  After serving twenty months and attending Boot Camp, the defendant was released on probation in 2012.  Then, in July 2012, the defendant was charged with and convicted of manufacturing methamphetamine.  His probation was revoked, and he was sentenced to two years to be served consecutive to his five-year sentence for burglary and theft.  After serving the balance of his five-year sentence and his two-year sentence, the defendant was released in June 2017.

Upon hearing the defendant's testimony, the arguments of counsel, and reviewing the presentence report, the trial court sentenced the defendant to twelve years' incarceration for each count of felon in possession of a firearm.  In determining the defendant's sentence,

the trial court noted that the defendant had a history of violence. The trial court also made note of the defendant's criminal history, his failure to comply with sentences involving release, and the fact the defendant had been adjudicated delinquent for acts that would have been felonies if committed as an adult. *See* Tenn. Code Ann. § 40-35-114(1), (8), and (16). The trial court found no mitigation in favor of the defendant other than giving "slight weight" to the fact the defendant accepted responsibility for his crimes. *See* Tenn. Code Ann. § 40-35-113(13).

In finding alternative sentencing was not appropriate, the trial court noted the defendant "has a history of not following the rules" and found, based on the defendant's history, he was likely to reoffend.

The trial court then considered whether the defendant's sentences should be served concurrently or consecutively. In finding consecutive sentences were appropriate, the trial court found that the defendant had an extensive criminal history and that the defendant was a dangerous offender. *See* Tenn. Code Ann. § 40-35-115(b)(2), (4). Based on the proof presented during the guilty plea and the sentencing hearings and the arguments of counsel, the trial court sentenced the defendant to twelve years for each count of felon in possession of a firearm and ordered the sentences to be served consecutively for an effective sentence of twenty-four years.

This timely appeal followed.

### *Analysis*

On appeal, the defendant contends the trial court erred in imposing consecutive terms. He argues that his criminal record is not extensive and that he does not qualify as a dangerous offender as "he was not charged with any violent offenses in conjunction with the mere possession of the weapon." The State insists the trial court properly exercised its discretion in imposing consecutive terms after finding two applicable factors which were supported by the proof presented. We agree with the State and affirm the judgments of the trial court.

This Court reviews consecutive sentences imposed by the trial court under an abuse of discretion standard with a presumption of reasonableness. *State v. Bise*, 380 S.W. 3d 682, 707 (Tenn. 2012); *State v. Pollard*, 432 S.W.3d 851, 859-60 (Tenn. 2013). The party appealing a sentence bears the burden of establishing that the sentence was improper. Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Cmts. A trial court may impose consecutive sentencing if it finds by a preponderance of the evidence that one criterion is satisfied in Tennessee Code Annotated section 40-35-115(b)(1)-(7) (2019). In determining whether to impose consecutive sentences, though, a trial court must ensure

the sentence is "no greater than that deserved for the offense committed" and is "the least severe measure necessary to achieve the purposes for which the sentence is imposed." Tenn. Code Ann. § 40-35-103(2), (4) (2019); *see State v. Desirey*, 909 S.W.2d 20, 33 (Tenn. Crim. App. 1995).

Tennessee Code Annotated section 40-35-115 "creates several limited classifications for the imposition of consecutive sentences." *State v. Moore*, 942 S.W.2d 570, 571 (Tenn. Crim. App. 1996). A trial court "may order sentences to run consecutively if it finds by a preponderance of the evidence that one or more of the statutory criteria exists." *State v. Black*, 924 S.W.2d 912, 917 (Tenn. Crim. App. 1995). Pursuant to statute, consecutive sentencing is warranted when "[t]he defendant is an offender whose record of criminal activity is extensive" or "[t]he defendant is a dangerous offender whose behavior indicates little or no regard for human life and no hesitation about committing a crime in which the risk to human life is high." Tenn. Code Ann. § 40-35-115 (b)(2) & (4). In considering a defendant's dangerous offender status, a trial court can rely on the defendant's prior criminal history. *See State v. Crawford*, No. E2012-00001-CCA-R3-CD, 2013 WL 4459009, at *32 (Tenn. Crim. App. Aug. 19, 2013) (relying on three "prior violent felony convictions" and reciting "the facts leading to those convictions" in finding the defendant to be a dangerous offender). In imposing consecutive sentences based upon a dangerous offender status, it is necessary that "the terms reasonably relate to the severity of the offenses committed and are necessary in order to protect the public from further serious criminal conduct by the defendant." *State v. Wilkerson*, 905 S.W.2d 933, 938 (Tenn. 1995); *see also State v. Lane*, 3 S.W.3d 456, 461 (Tenn.1999) (stating that the *Wilkerson* findings that the sentences are necessary to protect the public and reasonably relate to the severity of the offenses apply only to consecutive sentences involving dangerous offenders).

In ordering consecutive sentences in the instant matter, the trial court made the following findings:

> I find that he is an offender whose record of criminal activity is extensive. I mean, from the time he was 11, 13, 16 years of age, he's committed serious offenses as a juvenile. Then when he's 19, he commits offenses involving aggravated burglary and theft. He commits more offenses, possession of a handgun, unlawful possession of a handgun back when he was about 19 or 20. Then he gets convicted of some serious drug charges involving manufacture of methamphetamine for which he goes to prison. He gets out of prison and as soon as he gets out, he's back using drugs again and possessing -- unlawfully possessi[ng] firearms as a convicted felon on at least two different occasions; one in April of 2018 and one in

- 5 -

October of 2018. So, you know, he has an extensive history of criminal activity both juvenile and adult.

So, I do find that is a factor for imposing consecutive sentencing and I'm going to impose consecutive sentencing. I'm going to order each of these 12-year sentences to run consecutive to each other based upon this extensive history and upon this long history of illegal drug use. I mean, he's never – he's been given opportunities after opportunities after opportunities for treatment and help as a juvenile continuing as an adult he's had opportunities for treatment in prison and he's never taken advantage of those. He just goes right out and says, "Hey, I'm a convicted felon, but so what. I'm going to possess guns because I'm going to go out here and use drugs or buy drugs and I need protection." So, he's out here carrying guns. You know, his activity of criminal record is extensive. For that reason, I am going to order consecutive sentencing in this case.

I also find that the defendant is a dangerous offender whose behavior indicates little or no regard for human life. He had no hesitation about committing a crime in which the risk to human life is high. You know, when you're carrying loaded guns around and you're dealing with drug dealers and either using or selling drugs, I mean, yeah, you don't have any hesitation about committing a crime involving risk to human life.

I find that the circumstances surrounding these offenses are aggravated. I find that confinement for an extended period such as 24 years at 30 percent is necessary to protect to our society from this defendant's unwillingness to lead a productive life. Again, I think the 24 aggregate length sentence relates to all of these offenses for which he stands convicted. Again, I'm referring to not only what he's convicted of or what he's pled guilty to, but what he's admitted to. That is he was basically using methamphetamine daily up until the time he got arrested in October of 2018. You know, that's criminal activity. You know, again, based upon what I've talked about, I think the 24-year sentence is appropriate under the circumstances.

Our review of the record reveals the proof presented supports the trial court's findings and the decision to impose consecutive terms. The defendant's criminal history is extensive and dates back to his youth. The defendant, who was twenty-nine at the time of his sentencing, was first charged with a violent crime at the age of eleven. Since that time, the defendant's record consists of eleven convictions, not including his most recent convictions, as well as several terms of incarceration and probation. Additionally, the defendant has had his probation revoked on several occasions. Based on this proof, the

trial court did not abuse its discretion in finding the defendant has an extensive criminal history or in imposing consecutive terms based on that finding.

The record also supports the trial court's determination that the defendant is a dangerous offender. The defendant was heavily involved in drugs and was carrying firearms because of his involvement with drugs. As the defendant admitted, "It was . . . the situation that I was putting myself in, going to get drugs and stuff, I felt like I needed the firearm for protection." As noted by the trial court, the defendant's actions showed only concern for himself. Despite the dangers, the defendant armed himself to protect himself as he dealt "with drug dealers and either using or selling drugs." Clearly, the risk to human life was high, and the defendant showed little regard for anyone other than himself. Thus, the trial court did not abuse its discretion in imposing consecutive terms based on finding the defendant to be a dangerous offender whose behavior indicates little or no regard for human life and no hesitation about committing a crime in which the risk to human life is high.

As outlined above, the record supports the trial court's classification of the defendant as a dangerous offender with a record of criminal activity that is extensive. Because the extensive criminal activity and dangerous offender statutory factors have been met, consecutive sentencing was warranted. Tenn. Code Ann. § 40-35-115 (b)(2) & (4); *Crawford*, 2013 WL 4459009, at *32 ("The presence of a single factor is enough to justify the imposition of consecutive sentencing."). Thus, the defendant is not entitled to relief.

### *Conclusion*

Based on the foregoing authorities and reasoning, we affirm the judgments of the trial court.

_____
J. ROSS DYER, JUDGE