IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
November 3, 2021 Session

## STATE OF TENNESSEE v. DAVID IAN LEMONS

**Appeal from the Circuit Court for Madison County**
**No. 19-811    Donald H. Allen, Judge**

_____

### No. W2020-01613-CCA-R3-CD

_____

The Appellant, David Ian Lemons, was convicted in the Madison County Circuit Court of eleven drug and weapons offenses, ranging from a Class A misdemeanor to a Class B felony. After a sentencing hearing, he received an effective twenty-three-year sentence as a Range II, multiple offender. On appeal, the Appellant contends that his effective sentence is excessive because the trial court improperly applied an enhancement factor and improperly ordered consecutive sentencing. The State acknowledges that while the trial court may have partially misapplied an enhancement factor, the Appellant's twenty-three-year sentence is not excessive. Based upon the oral arguments, the record, and the parties' briefs, we agree with the State and affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and TIMOTHY L. EASTER, J., joined.

Jessica F. Butler, Assistant Public Defender - Appellate Division (on appeal), Franklin, Tennessee, and Greg Gookin (at trial), Jackson, Tennessee, for the appellant, David Ian Lemons.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Assistant Attorney General; Jody S. Pickens, District Attorney General; and Matthew A. Floyd, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### I.  Factual Background

In September 2019, the Madison County Grand Jury returned an eleven-count indictment, charging the Appellant as follows:  count one, possession of not less than one-

half ounce of marijuana with intent to sell, a Class E felony; count two, possession of not less than one-half ounce of marijuana with intent to deliver, a Class E felony; count three, possession of a firearm with the intent to go armed during the commission of or attempt to commit possession of marijuana with intent to sell, a Class D felony; count four, possession of a firearm with the intent to go armed during the commission of or attempt to commit possession of marijuana with intent to sell, having been previously convicted of a felony drug offense, a Class D felony; count five, possession of a firearm with the intent to go armed during the commission of or attempt to commit possession of marijuana with intent to deliver, a Class D felony; count six, possession of a firearm with the intent to go armed during the commission of or attempt to commit possession of marijuana with intent to deliver, having been previously convicted of a felony drug offense, a Class D felony; count seven, unlawful possession of a firearm after having been convicted of a felony drug offense, a Class C felony; count eight, unlawful possession of a firearm after having been convicted of a felony crime of violence, an attempt to commit a felony crime of violence, or a felony involving use of a deadly weapon, a Class B felony; count nine, possession of drug paraphernalia, a Class A misdemeanor; count ten, possession of marijuana in a drug-free school zone (DFSZ) with intent to sell, a Class D felony; and count eleven, possession of marijuana in a DFSZ with intent to deliver, a Class D felony. The Appellant went to trial in July 2020.

The proof at trial showed that about 5:30 a.m. on April 10, 2019, Investigator Mike Arnold of the Jackson Police Department executed a search warrant at 365 Chester Levee Road. The Appellant, who was the subject of the search warrant, answered the door, and police officers detained him. The Appellant's uncle and twelve-year-old daughter also were in the home, and officers brought them outside. During the search, Investigator Arnold found a Smith and Wesson .38 Special revolver loaded with five rounds, a glass jar containing about an ounce of marijuana, several digital scales with marijuana residue on them, two grinders used to "grind down" marijuana, marijuana pipes containing marijuana residue, marijuana "roaches," a plastic bag containing about one and one-half grams of marijuana and a twenty-dollar bill, a money clip containing $775 in cash and the Appellant's driver's license, and a key that opened a safe in the Appellant's bedroom. The Appellant's social security card, $2,080 in cash, and a digital scale with marijuana residue were in the safe.

Investigator Arnold talked with the Appellant outside and gave him Miranda warnings. The Appellant said that "he had a gun and some weed in there" and that all of the items found during the search belonged to him. The next day, Investigator Arnold interviewed the Appellant at the Criminal Justice Complex. The Appellant gave a written statement in which he said that "'everything they found belongs to me. My uncle and daughter had nothing to do with any of it. I had some marijuana, marijuana pipes, grinders, scales, and a handgun in the house.'" The Appellant said he was unemployed and had been selling a couple of ounces of marijuana per week "'so [he] can smoke for free.'"

Investigator Arnold testified that based on the way the marijuana was packaged, he thought the Appellant was selling or delivering marijuana.

Carter Depew, a special agent forensic scientist with the Tennessee Bureau of Investigation (TBI), testified as an expert in drug identification and analysis that she analyzed some of the "plant material" found during the search. The plant material was marijuana and weighed 16.88 grams. Agent Depew did not analyze the remainder of the plant material because it was not going to exceed the ten-pound weight "threshold" for marijuana in the Tennessee Code.

The State presented evidence that 365 Chester Levee Road was within one thousand feet of South Side High School, and the Appellant stipulated to having a prior conviction for a felony drug offense and a prior conviction for a felony crime of violence involving force or a deadly weapon. He did not present any proof, and the jury found him guilty as charged in the indictment of counts one through three, count five, and counts seven through eleven. Immediately thereafter, the trial court held a bifurcated hearing regarding counts four and six. The State introduced a certified copy of a judgment of conviction, showing that the Appellant had a prior conviction of possession of marijuana with intent to sell. The jury found him guilty in counts four and six.

The trial court held a sentencing hearing on September 28 and 29, 2020. No witnesses testified at the hearing, but the State introduced the Appellant's presentence report into evidence. According to the report, the then forty-two-year-old Appellant was married with three daughters. The report showed that he dropped out of South Side High School in the tenth grade but obtained his GED in 1993. In the report, the Appellant described his physical and mental health as "good" and said that he was not using any nonprescribed or illegal drugs.[1] The Appellant stated in the report that a court ordered him to attend a Memphis Recovery program and that he successfully completed the program, although he did not know the dates of attendance. The report showed that the Appellant owned a lawn care business from 2014 to 2019 and that he worked for a construction company from 2008 to 2013.

The presentence report showed that in August 2020, the Appellant was convicted of four methamphetamine-related offenses and received an effective fifteen-year sentence. The Appellant committed those crimes on four separate dates after he committed the crimes in the present case. The report also showed a 2009 felony conviction of selling marijuana, two 1997 felony convictions of aggravated assault, and a 1997 felony conviction of attempted robbery. The report included the following misdemeanor history: four convictions of violating the financial responsibility law; four convictions of violating the seatbelt law; four convictions of speeding; three convictions of driving on a cancelled, suspended, or revoked license; two convictions of failure to obey a traffic control device;

---

[1] At the time of the presentence report, the Appellant was unable to make bond and was in jail.

and single convictions of allowing a dog to run at large, driving with tinted windows, driving under the influence, resisting arrest, evading arrest, unlawful possession of a weapon, underage possession of alcohol, and possession of cocaine. The Appellant's Strong-R assessment concluded that he had moderate needs relevant to "Attitudes/Behaviors" and "Education" and low needs relevant to "Friends," "Aggression," "Mental Health," "Alcohol/Drug Use," "Residential," "Family," and "Employment."

The State requested that the trial court order consecutive sentencing based on the Appellant's being a professional criminal who had knowingly devoted his life to criminal acts as a major source of livelihood and based on the Appellant's being an offender whose record of criminal activity was extensive. The State noted that the Appellant was statutorily required to serve his convictions of possession of a firearm during the commission of a dangerous felony consecutively to his convictions of possession of marijuana with intent to sell and deliver pursuant to Tennessee Code Annotated section 39-17-1324(e)(1). The State also noted that the Appellant recently pled guilty to three counts of selling methamphetamine and one count of possessing methamphetamine, Class B felonies. Defense counsel responded that while the presentence report listed "several" misdemeanor offenses, the majority of them were traffic violations for which the Appellant was required only to pay a fine or court costs. Defense counsel requested leniency for the Appellant, noting that he had been married fourteen years, had a "pretty good" work history for the past ten years, and had obtained his GED.

The trial court found that the Appellant was a Range II, multiple offender by having two convictions of aggravated assault and one conviction of attempted robbery, Class C felonies, and by having one prior conviction of selling marijuana, a Class E felony. The trial court applied enhancement factor (1), that the defendant had a previous history of criminal convictions or behavior in addition to those necessary to establish the appropriate range, to the Appellant's sentences and gave the factor "great weight." See Tenn. Code Ann. § 40-35-114(1). The trial court noted that in addition to the Appellant's prior felony convictions, he had twenty-five prior misdemeanor convictions. The trial court also applied enhancement factor (8), that the defendant, before trial or sentencing, failed to comply with the conditions of a sentence involving release into the community, to the Appellant's sentences and gave the factor "great weight." See Tenn. Code Ann. § 40-35-114(8). The trial court found that no mitigating factors were applicable.

The trial court sentenced the Appellant to four years for each conviction of possession of marijuana with intent to sell and deliver, Class E felonies, in counts one and two, and eight years for each conviction of possession of marijuana with intent to sell and deliver in a DFSZ, Class D felonies, in counts ten and eleven. The trial court merged the four convictions for an effective sentence of eight years. The trial court sentenced the Appellant to eleven months, twenty-nine days for possession of drug paraphernalia, a Class A misdemeanor, in count nine and ordered that it be served concurrently with the eight-

year sentence. The trial court sentenced the Appellant to eight years for each conviction of possession of a firearm, Class D felonies, in counts three through six and merged the convictions. The court ordered that the Appellant serve that effective eight-year sentence consecutively to the previous effective eight-year sentence. Finally, the trial court sentenced the Appellant to ten years for unlawful possession of a firearm after having been convicted of a felony drug offense, a Class C felony, in count seven, and fifteen years for unlawful possession of a firearm after having been convicted of a felony crime of violence, a Class B felony, in count eight. The trial court ordered that the Appellant serve the ten- and fifteen-year sentences concurrently with each other and concurrently with the effective eight-year sentence for the convictions of possession of a firearm for a total effective sentence of twenty-three years. The trial court noted that the Appellant was required to serve his effective fifteen-year sentence for the recent methamphetamine convictions consecutively to the twenty-three-year sentence. See Tenn. Code Ann. § 40-20-111(b); Tenn. R. Crim. P. 32(c)(3)(C). In closing, the trial court stated, "You know, his -- his whole career, his whole life has been about selling drugs. So, I find that he is a dangerous offender who lacks any regard for society in terms of following the law. So, again, he'll have to serve all these sentences in the Department of Corrections."

## II. Analysis

The Appellant claims that the trial court erred by enhancing his sentences for possession of marijuana with intent to sell or deliver in a DFSZ to eight years, the maximum punishment in the range for a Class D felony, and erred by enhancing his sentence for unlawful possession of a firearm after having been convicted of a felony crime of violence to fifteen years, the midpoint in the range for a Class B felony, because the trial court misapplied enhancement factor (8) and gave the factor "great weight." He also contends that we should reverse the trial court's order that he serve the fifteen-year sentence consecutively to the eight-year sentence because the trial court did not make appropriate findings to classify him as a dangerous offender. The State argues that while some of the Appellant's crimes "do not technically fit" enhancement factor (8) and the trial court did not address the "Wilkerson factors" for consecutive sentencing, the Appellant's twenty-three-year sentence is appropriate. We agree with the State.

This court reviews the length, range, and manner of service of a sentence imposed by the trial court under an abuse of discretion standard with a presumption of reasonableness. State v. Bise, 380 S.W.3d 682, 708 (Tenn. 2012); see also State v. Pollard, 432 S.W.3d 851, 859 (Tenn. 2013) (applying the standard to consecutive sentencing). In conducting its review, the trial court considers the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in

Tennessee; (7) any statement by the Appellant in his own behalf; and (8) the result of the validated risk and needs assessment conducted by the department and contained in the presentence report. See Tenn. Code Ann. § 40-35-210(b); see also Bise, 380 S.W.3d at 697-98. The burden is on the Appellant to demonstrate the impropriety of his sentence(s). See Tenn. Code Ann. § 40-35-401, Sent'g Comm'n Cmts.

In determining a specific sentence within a range of punishment, the trial court should consider, but is not bound by, the following advisory guidelines:

> (1) The minimum sentence within the range of punishment is the sentence that should be imposed, because the general assembly set the minimum length of sentence for each felony class to reflect the relative seriousness of each criminal offense in the felony classifications; and

> (2) The sentence length within the range should be adjusted, as appropriate, by the presence or absence of mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114.

Tenn. Code Ann. § 40-35-210(c).

Although the trial court should consider enhancement and mitigating factors, the statutory enhancement factors are advisory only. See Tenn. Code Ann. § 40-35-114; see also Bise, 380 S.W.3d at 701; State v. Carter, 254 S.W.3d 335, 343 (Tenn. 2008). Our supreme court has stated that "a trial court's weighing of various mitigating and enhancement factors [is] left to the trial court's sound discretion." Carter, 254 S.W.3d at 345. In other words, "the trial court is free to select any sentence within the applicable range so long as the length of the sentence is 'consistent with the purposes and principles of [the Sentencing Act].'" Id. at 343 (quoting Tenn. Code Ann. § 40-35-210(d)). Appellate courts are "bound by a trial court's decision as to the length of the sentence imposed so long as it is imposed in a manner consistent with the purposes and principles set out in sections -102 and -103 of the Sentencing Act." Id. at 346.

As to enhancement factor (8), we initially note that the Appellant contends we should review the length of his sentences de novo because the trial court misapplied the enhancement factor. However, prior to pronouncing the length of the Appellant's sentences, the trial court stated that it had considered the evidence presented at trial and sentencing, the principles of sentencing and the arguments by counsel as to sentencing alternatives, the nature and characteristics of the criminal conduct, and the Appellant's potential for rehabilitation and treatment. The record demonstrates that the trial court considered sentencing principles and guidelines in imposing the Appellant's sentences. Moreover, as we will discuss below, the trial court was not completely in error by applying enhancement factor (8), and the lengths of the sentences were consistent with the purposes

and principles of sentencing. Therefore, we think the Bise standard of review is appropriate.

Enhancement factor (8) provides that "[t]he defendant, before trial or sentencing, failed to comply with the conditions of a sentence involving release into the community." Tenn. Code Ann. § 40-35-114(8) (emphasis added). The trial court's rationale for applying enhancement factor (8) spans more than seven pages of the sentencing hearing transcript. In explaining why the enhancement factor was applicable, the trial found that according to the presentence report, the Appellant was on bond when he committed attempted robbery and aggravated assault on September 8, 1996; when he committed unlawful possession of a weapon on March 31, 1997; and when he committed aggravated assault, resisting arrest, and evading arrest on July 7, 1997. The trial court also found that he was on bond for the instant offenses when he committed the four methamphetamine-related offenses. However, bond is not a sentence; therefore, the trial court could not apply enhancement factor (8) for the Appellant's committing offenses while on bond. See State v. Clark Douglas Lively, No. M2002-00666-CCA-R3-CD, 2002 WL 31757480, at *3 (Tenn. Crim. App. at Nashville, Dec. 6, 2002). That said, the trial court found that the Appellant was on probation for unlawful possession of a weapon when he committed driving on a revoked license on June 8, 1997, and when he committed aggravated assault, resisting arrest, and evading arrest on July 7, 1997. The Appellant acknowledges that he was on probation when he committed those offenses.

The trial also found that the Appellant was on parole when he committed an offense in 2002. The Appellant contests that finding. According to the presentence report, the Appellant received a six-year sentence on December 9, 1997, for aggravated assault. Less than six years later, on September 14, 2002, he committed DUI. The trial court found that the Appellant was on parole for aggravated assault when he committed DUI. The Appellant asserts that the trial court erred by applying enhancement factor (8) in that instance because the presentence report did not indicate a parole violation; the trial court simply assumed the Appellant committed DUI while on parole.

In support of his argument, the Appellant relies on State v. Dean, 76 S.W.3d 352, 380 (Tenn. Crim. App. 2001), in which this court found that the trial court erred by applying enhancement factor (8) when the presentence report did not show a disposition for the defendant's charge of violation of parole. In the present case, the Appellant's presentence report is silent with regard to whether he was on parole for aggravated assault when he committed DUI and whether he was found to have violated parole. Therefore, we agree with the Appellant that the trial court erred by finding that the Appellant violated parole for aggravated assault when he committed DUI. Nevertheless, the trial court properly applied enhancement factor (8) based on the Appellant's being on probation when he committed one felony and three misdemeanors in 1997. While the factor may not have been entitled to "great weight," the trial court also applied enhancement factor (1) and gave that factor "great weight." As the trial court noted, the Appellant has been committing

crimes since he was eighteen years old. The presentence report reflects that by the time he turned thirty-two years old, he had committed four felonies and fifteen misdemeanors. From 2012 to 2018, he committed another ten misdemeanors. In April 2019, he was arrested in this case and posted bond. Less than one month later, he was selling methamphetamine which resulted in his acquiring another four felony convictions prior to sentencing in this case. Therefore, we conclude that the trial court did not err by enhancing the Appellant's sentences to eight and fifteen years.

As to consecutive sentencing, Tennessee Code Annotated section 40-35-115(b) provides that a trial court may order consecutive sentencing if it finds any one of the statutory criteria by a preponderance of the evidence. Relevant to this case, the trial court found that the Appellant was "a dangerous offender whose behavior indicates little or no regard for human life and no hesitation about committing a crime in which the risk to human life is high." However, in order to impose consecutive sentencing based upon finding that a defendant is a dangerous offender, a court must also find the so-called "Wilkerson factors," namely that "(1) the sentences are necessary in order to protect the public from further misconduct by the defendant and [that] (2) 'the terms are reasonably related to the severity of the offenses.'" State v. Moore, 942 S.W.2d 570, 574 (Tenn. Crim. App. 1996) (quoting State v. Wilkerson, 905 S.W.2d 933, 938 (Tenn. 1995)); see also State v. Lane, 3 S.W.3d 456, 461 (Tenn. 1999). "Where . . . the trial court fails to provide adequate reasons on the record for imposing consecutive sentences, the appellate court should neither presume that the consecutive sentences are reasonable nor defer to the trial court's exercise of its discretionary authority" and can either conduct a de novo review to determine if an adequate basis exists for consecutive sentences or remand the case to the trial court for consideration of the requisite Wilkerson factors. Pollard, 432 S.W.3d at 864-65. Here, the State concedes that the trial court failed to make any specific findings regarding the Wilkerson factors. Therefore, we will review the imposition of consecutive sentencing de novo.

Tennessee Code Annotated section 40-35-115(b)(2) also provides that a court may order consecutive sentencing by finding that "[t]he defendant is an offender whose record of criminal activity is extensive." At the time of sentencing, the Appellant's criminal history consisted of eight felonies and twenty-five misdemeanors. Of those eight felonies, four of them were Class B felonies, and two were for aggravated assault, which is a crime of violence. See Tenn. Code Ann. § 39-17-1301(3). Accordingly, we conclude that the Appellant's extensive criminal history alone justifies the imposition of consecutive sentencing and affirm his twenty-three-year sentence.

### III. Conclusion

Based upon the oral arguments, the record, and the parties' briefs, we affirm the judgments of the trial court.

_____
NORMA MCGEE OGLE, JUDGE